UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SONYA EVANS,

    Plaintiff,

v.     Case No. 3:21cv865-TKW-HTC

THOMAS MODLY, et al.,

    Defendants.

_____/

<u>ORDER
AND REPORT AND RECOMMENDATION</u>

Plaintiff Sonya Evans, proceeding *pro se*, initiated this action by filing a complaint for monetary damages against the Secretary and former Secretaries of the United States Navy. ECF Doc. 1. Along with her complaint, Plaintiff also filed a motion to proceed *in forma pauperis*. ECF Doc. 2. The matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E).

Upon consideration, and for the reasons discussed below, the undersigned recommends this action be dismissed *sua sponte* as frivolous for lack of jurisdiction and for failing to state a claim. As discussed below, even reading Plaintiff's complaint liberally, Plaintiff's allegations are unintelligible and woefully short of meeting the basic pleading requirements of Federal Rule of Civil Procedure 8. Also,

because the complaint is frivolous, the Court finds the motion to proceed *in forma pauperis* should be DENIED.

## I. PLAINTIFF'S COMPLAINT FAILS TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 8

On June 22, 2021, Plaintiff initiated this action against Thomas Harker, the acting United States Secretary of the Navy, as well as Richard Spencer and Thomas Modly, two former United States Secretaries of the Navy. Plaintiff sues Defendants in their official capacities only. Although Plaintiff uses this Court's form for her complaint, for the Statement of Claims and Statement of Facts, Plaintiff simply writes "see attached." The "attached" is a one-page letter from Plaintiff to the Director of Office of Federal Operations, EEOC, which states in its entirety:

> I hereby request a reconsideration via EEO portal and certified mailings. I am filing Civil Action against Mr. Thomas W Harker Acting Secretary of the Department of the Navy. The Preamble Management Directive 110. Civil service reform act of 1978, President Carter Executive order 12067 to implement reorganization plan No1. Executive order No 12067, 43 Fed Reg 28,967 (Jan 3 1979). Executive order 12067 required Department and Agency heads to comply with the commission, final rules, regulations, policies, procedures, and orders.
> Due to negligence of timeliness, gross negligence partial dismissals and omissions. Per EEO Management Directive 110 III. Agencies must avoid fragmenting EEO Complaints 5-5. Chapter 6 development of impartial and appropriate factual records 6-1. IV. Agency dismissal process 5-16. V. Conducting The investigation 5-31. VI. Final Actions 5-33. EEO did not conduct my complaint in a timely manner, dismissed and omitted facts of case 2020001361. I had to send a Congressional to Representative Matt Gaetz in June 2020. I did not receive a response from Congressman Gaetz in a timely manner I had to contact the local office for help. I am filing a lawsuit against The Acting Secretary of the Department of the Navy for mishandling case file 2020001361.

ECF Doc. 1 at 9. Repeating what is in the letter, Plaintiff seeks the following as relief:

Case No. 3:21cv865-TKW-HTC

> [D]amages from 2010–2020 June in the amount of 3 million dollars. Due to gross negligence, timeliness, mishandling, of case # 202001361 polices procedures dismissed, omitted, tampered, noncompliance of federal laws.

ECF Doc. 1 at 6.

Plaintiff's allegations fail to demonstrate any plausible grounds for relief. Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and each averment must be "concise, and direct." Fed. R. Civ. P. 8(e)(1). Although Rule 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's allegations of "gross negligence" and "non-compliance with federal laws" are purely conclusory and lack the necessary who, what, when, how, and why as to each Defendant. Plaintiff alleges absolutely no facts to support these allegations or identify what conduct she attributes to each Defendant. Plaintiff does not identify the acts of gross negligence or non-compliance of which she complains. She does not identify what federal laws she contends were violated, who violated the laws, when the laws were violated, or how they were violated. There is no way for the Defendants, reading this complaint, to know the alleged wrongdoing of which they are being accused. Plaintiff's allegations, therefore, fail to meet the basic

pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. And this Court cannot "rewrite" Plaintiff's complaint "in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

## II. LACK OF JURISDICTION

Plaintiff's complaint also fails to provide "a short and plain statement of the grounds for the court's jurisdiction" as required by Rule 8. Fed. R. Civ. P. 8(a)(1). Absent a grant of subject-matter jurisdiction from Congress, a court "is powerless to act." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *Wernick v. Mathews*, 524 F.2d 543, 545 (5th Cir. 1975) (noting that absent jurisdiction a court is "powerless to consider the merits" of a case). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868).

A plaintiff seeking to invoke this Court's jurisdiction must set forth the basis of the Court's subject matter jurisdiction. "In order for a federal district court to have jurisdiction over a claim, a plaintiff must show, on the face of the complaint, either complete diversity of citizenship or that a 'substantial' issue of federal law is raised by the claim." *See Selensky v. Mobile Infirmary*, 221 F. App'x 814, 815 (11th

Cir. 2007) (citing *Dunlap v. G & L Holding Group, Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004)).

Plaintiff's complaint is devoid of any claim that would invoke this Court's jurisdiction. As stated above, while Plaintiff makes references to federal laws, generally, Plaintiff does not identify any. Similarly, while Plaintiff identifies this action as a *Bivens* action,[1] she has not stated any facts to support a constitutional violation or identified any constitutional violations by any of the Defendants. Instead, it appears she marked "*Bivens case*" on the complaint form simply because the Defendants are employees or former employees of the United States Navy. Also, because Plaintiff has sued Defendants in their official capacities, there is no diversity jurisdiction under 28 U.S.C. § 1332. *See, e.g.*, *Purisima v. Astrue*, 2012 WL 5519295, at *2 (S.D.N.Y. Nov. 14, 2012) ("Purisima also cannot establish jurisdiction under section 1332—the diversity statute—because it 'does not provide a basis for suing the United States or its agencies or officers acting in their official capacity.'").

The general rule governing pleading federal jurisdiction, however, requires more than a simple allegation that jurisdiction exists or citation of a federal statute. Rather, it is required that the complaint clearly set out the basic facts necessary to

---

[1] *See Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (recognizing for the first time an implied private right of action for damages against federal officers in their individual capacities alleged to have violated a citizen's constitutional rights).

support the conclusion that there is federal jurisdiction." *Pearson v. U.S. Postal Serv.*, No. 3:06CV190MCR/EMT, 2007 WL 624536, at *2 (N.D. Fla. Feb. 22, 2007) (quoting *Fountain v. New Orleans Public Service, Inc.*, 265 F. Supp. 630, 632 (E.D. La. 1967)); *see also Gilbeaux v. University of Texas Medical Branch*, 42 F. Supp. 2d 637, 641 (E.D. Tex. 1998) (concluding that a mere citation to a federal statute in the heading of a complaint form is insufficient to invoke federal jurisdiction).

Additionally, Plaintiff cannot maintain a *Bivens* action against Defendants in their official capacities. *Rosario v. United States*, 538 F. Supp. 2d 480, 491 (D.P.R. 2008) (noting that a *Bivens* claim can only be brought against officials in their individual capacities). This is so because the United States has not waived its sovereign immunity for constitutional tort claims. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 477 (1994) (holding that sovereign immunity precludes damage claims against the United States government for constitutional violations). And, sovereign immunity extends to governmental agencies such as the Navy and to their employees where such employees are sued in their official capacities. *See id.* at 483–86; *Abou-Hussein v. Mabus*, 953 F. Supp. 2d 251, 262 (D.D.C. 2013) ("The complaint indicates that the plaintiff has brought suit against the Secretary in his official capacity, and therefore, the claim requires a waiver of sovereign immunity by the defendant." (internal citations omitted)). Thus, absent a waiver of

Case No. 3:21cv865-TKW-HTC

sovereign immunity, Plaintiff cannot prevail on her *Bivens* claim.  *See Velasco v. United States*, 585 F. Supp. 2d 1, 3 (D.D.C. 2008).

Moreover, to the extent Plaintiff's complaint against Defendants arises out of her role as a service member, this Court lacks jurisdiction to entertain it.  *See Feres v. United States*, 340 U.S. 135 (1950).  In *Feres v. United States*, the Supreme Court held that "the [g]overnment is not liable for claims . . . for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service."  *Id.* at 146.  The Supreme Court subsequently expanded the *Feres* doctrine in *Chappell v. Wallace*, holding that "enlisted military personnel may not maintain a suit to recover damages from a superior officer for alleged constitutional violations."  *Chappell v. Wallace*, 462 U.S. 296, 305 (1983).

The Supreme Court reaffirmed *Chappell*'s reasoning and continued to expand the doctrine in *United States v. Stanley*, holding that the *Feres* doctrine bars all *Bivens* claims for injuries that arise out of, or are incurred in the course of, activity incident to service regardless of whether an officer-subordinate relationship exists.  *United States v. Stanley*, 483 U.S. 669, 683–84 (1987).  The purpose of the *Feres* doctrine is to separate cases that may interfere with military discipline and command decisions from those that do not, and courts must pay particular attention to whether the service member's claims will implicate civilian courts in conflicts

involving the military structure or decisions. *Id.* (citing *Pierce v. United States*, 813 F.2d 349, 352 (11th Cir. 1987)).

### III.  CONCLUSION

District courts have "'unquestionable' authority to control their own dockets. This authority includes "broad discretion in deciding how best to manage the cases before them." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (citations omitted). Thus, a district court may *sua sponte* dismiss a *pro se* litigant's complaint where the plaintiff cannot cure the defects by amending his complaint, or an amendment would be futile. *See Horn v. Estate of Camacho*, 817 F. App'x 872, 874 (11th Cir. 2020); *Woldeab v. DeKalb Cnty Bd. of Ed.*, 885 F.3d 1289, 1291 (11th Cir. 2018). Indeed, while a court should read a *pro se* complaint liberally, "early evaluation of the potential merits of a pro se litigant's claim is very important because initial screening by the court can eliminate patently frivolous actions." *See, e.g.*, *Gonzalez v. Citicorp Credit Srvcs., Inc.*, 2015 WL 13776794 (S.D. Fla. May 18, 2015), *adopting report and recommendation*, 2015 WL 13776795 (June 22, 2015).

For the reasons discussed above, the undersigned finds a *sua sponte* dismissal to be necessary in this case. Plaintiff's complaint is bare of any facts, nonsensical, and identifies Defendants who are immune from liability. She has not alleged any facts establishing this Court's jurisdiction and, instead, the allegations appear to

foreclose federal jurisdiction. Thus, the undersigned recommends this case be dismissed *sua sponte*. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (noting that, before dismissing an action *sua sponte*, the court must ensure that it employs a procedure that is fair, which generally includes "provid[ing] the plaintiff with notice of its intent to dismiss or an opportunity to respond"); *Shivers v. Int'l Bhd. of Elec. Workers Local Union*, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment).

Also, because the undersigned finds the complaint to be frivolous and any opportunity to amend to be futile, the Court also denies the motion to proceed *in forma pauperis*. "In order to authorize a litigant to proceed *in forma pauperis*, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious." *Boubonis v. Chater*, 957 F. Supp. 1071, 1072 (E.D. Wis. 1997) (citing 28 U.S.C. § 1915(a) & (e)(2)(B)(i)). The Court need not "reach a determination on the issue of whether [a plaintiff] is unable to pay the costs of commencing this action" if "a review of her complaint reveals that she cannot meet the second element of the *in forma pauperis* equation," that the action is neither frivolous nor malicious. *Young v. Marshall*, 2020 WL 7701517, at *2 (S.D. Ala. Dec. 4, 2020), *report and*

Case No. 3:21cv865-TKW-HTC

*recommendation adopted*, 2020 WL 7700580 (S.D. Ala. Dec. 28, 2020). Specifically, under section 1915(e)(2)(B), the Court shall dismiss any claim filed under the *in forma pauperis* statute that "fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

Accordingly, it is ORDERED:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF Doc. 2) is DENIED.

It is further RESPECTFULLY RECOMMENDED:

1. This action be dismissed *sua sponte* as frivolous.

2. The clerk be directed to close the case.

DONE AND ORDERED this 16th day of July, 2021.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to

challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:21cv865-TKW-HTC